Whipple, appellant, v. Walker.

*Promissory note — partial payment — what is not.*

Plaintiff left a note made by defendant for $55.17 at a bank for collection. The note was not paid when due. After it had been overdue some days, and was still in possession of the bank, defendant's agent deposited with the bank a draft for $20, directing that the same, when collected, be applied upon the note. The avails of the draft were credited to the agent and the note unpaid returned to plaintiff. *Held,* that the transaction between the agent and bank did not constitute a part payment of the note.

Whipple v. Walker.

APPEAL from a judgment entered upon the report of a referee.

The action was brought upon a promissory note given by the defendant, Lois T. Walker, to the plaintiff, William D. Whipple, on July 31, 1869, for $55.17 and interest. The note was made payable at the bank of Williams & Remington, in Canandaigua, N. Y., where it was left by plaintiff, after the usual custom of business men, to enable the bank to receive payment of it. It became due on the 3d of September, when it was protested for non-payment, and was afterward returned unpaid to plaintiff, who brought this suit to recover the amount of it.

Defendant claimed to have made a partial payment on the note. Mr. Spencer Gooding, who is her attorney in this action, about September 20, called at the bank and asked for "the Whipple note." The note in question was produced and shown to him. He, within a day or two afterward, deposited in the bank a draft of $20, made by him on S. H. Tate, of Williamsport, and directed the teller to collect it and apply upon this note. The draft was collected and the avails credited to Gooding, by whom they were subsequently checked out.

The referee found that this transaction of Gooding with the bank constituted a partial payment of the note, and gave judgment in favor of the defendant for costs, deducting from the amount the unpaid balance of the note.

*D. G. Lapham*, for appellant.

*Spencer Gooding*, for respondent.

E. DARWIN SMITH, J. We think the referee erred in deducting the proceeds of the Tate draft from the amount of the plaintiff's recovery.

This draft was collected by the bank, not as agent of the plaintiff, but as agent of Spencer Gooding, the defendant's attorney, and passed to his credit in account in the books of the bank and paid to him.

The plaintiff had nothing to do with it, and the said draft or the moneys collected on it at no time became the property of the plaintiff. The bank was simply intrusted by the plaintiff with the note of the defendant for collection, and had no power to bind the plaintiff by any contracts to receive any thing but money in pay-

ment thereof, or to do with said note any thing else but to receive payment of it in cash.

The judgment must be reversed, and a new trial granted with costs to abide the event.

*Judgment reversed.*